IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA KELLY<br>365 S. Prospect St.<br>Medina, Ohio 44256<br><br>    Plaintiff,<br><br>    vs.<br><br>MEDINA CREATIVE HOUSING, INC.<br>c/o Diane DePasquale-Hagerty<br>232 North Court St.<br>Medina, Ohio 44256<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Barbara Kelly, by and through counsel, and for her Complaint against Defendant Medina Creative Housing, Inc. (hereafter "Defendant" or "MCH") state and allege the following:

### INTRODUCTION

1. This is an action instituted by Plaintiff as a result of Defendant's policy and practice of failing to pay Plaintiff her overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek under the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendants conduct

business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

### PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Medina County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant operates a not-for-profit corporation, organized and existing under the laws of the State of Ohio, with its principal place of business at 232 N. Court St., Medina, Ohio 44256.

7. At times relevant herein, Defendant conducted business in Medina County, Ohio.

8. At all times relevant herein, Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### FACTUAL ALLEGATIONS

12. Defendant operates a non-profit organization that provides housing and support services for individuals with disabilities through operations involving retail and recreational establishments which are open to the public.

13. Plaintiff was first employed by Defendant in January 2020. She was hired to be marketing director and was paid an hourly rate of $19.23, but Defendant misclassified her as an independent contractor.

14. Within two months of hiring Plaintiff, the Defendant reduced Plaintiff's hourly rate and transferred her to a position in Defendant's Grand Café and Roastery. The Defendant again misclassified Plaintiff, this time as an exempt employee.

15. At the time of her transfer, the Defendant made Plaintiff sign a "HR/Payroll Change In Status Form" that stated Plaintiff was to be paid "$18.00 per hr."

16. The Defendant's pay records also recorded Plaintiff's "Pay Rate" at $18.00 and noted "Reg Hours" of 80 per week.

17. Defendant paid the Plaintiff an hourly rate, not a salary.

18. After her transfer, the Plaintiff's position was labeled as "marketing/café manager."

19. Despite her title, Plaintiff did not have the authority to hire or fire employees, nor did she have the authority to review their performance.

20. Plaintiff was not responsible for interviewing or selecting employee applicants.

21. Plaintiff did not have the authority to determine rates of pay or hours of work for other employees.

22. Instead, Plaintiff spent the majority of her work hours on manual tasks like cleaning, washing floors, attending to customers, prepping and cooking food, and attending meetings.

23. A few hours per week, Plaintiff was required to attend her duties as a marketing manager which involved planning and attending events.

24. Because of the amount of work involved, Plaintiff had to work 50-60 hours per week in order to complete her duties. She informed her manager of the overtime hours worked but Defendant failed to keep accurate time records or pay her for any hours over 40 in a work week.

25. Due to the failure to pay for all hours worked, Plaintiff resigned her position in May, 2021.

26. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff.

## COUNT ONE
### (Fair Labor Standards Act Violations)

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Defendant's practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

29. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

30. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

31. As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid wages;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff statutory damages in an amount equal to two-times the amount of back wages;

D. Award Plaintiff pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff attorneys' fees, costs, and disbursements; and

F. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Robert B. Kapitan
One of the Attorneys for Plaintiff