UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BARBARA KELLY, | : | CASE NO. 1:21-cv-01452 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 5] |
| v. | : | |
| MEDINA CREATIVE HOUSING, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Barbara Kelly sues her former employer for failing to pay overtime and keep work hours records in violation of the Fair Labor Standards Act ("FLSA").[1] Now, Defendant Medina Creative Housing moves to dismiss the complaint for failure to state a claim upon which relief can be granted.[2] For the reasons that follow, the Court **DENIES** the motion to dismiss.

I. Background

Taking the facts in the complaint as true, Plaintiff Kelly worked for Defendant Medina Creative Housing from January 2020 to May 2021.[3] Medina Creative Housing is a non-profit organization that also operates "retail and recreational establishments which are open to the public."[4]

Plaintiff was initially hired as a marketing director, then transferred to work at Defendant's Grand Café and Roastery.[5] Plaintiff alleges that she was misclassified as an

---

[1] Doc. 1.
[2] Doc. 5.
[3] Doc. 1 at ¶¶ 13, 25.
[4] *Id.* at ¶ 12.
[5] *Id.* at ¶¶ 13-14.

Case No. 1:21-cv-01452
GWIN, J.

independent contractor in the marketing director role and misclassified as an exempt employee in the café role.[6]

In her café role, Plaintiff Kelly says that she "spent the majority of her work hours on manual tasks like cleaning, washing floors, attending to customers, prepping and cooking food, and attending meetings."[7]

After resigning, Plaintiff Kelly sued Defendant Medina Creative Housing under FLSA.[8] She alleges that Defendant failed to pay her overtime and failed to keep records of her work hours.[9]

Defendant moved to dismiss the complaint, arguing that Plaintiff failed to sufficiently allege that FLSA applied to Defendant through enterprise coverage or to Plaintiff through individual coverage.[10]

## II. Legal Standard

Under Federal Rule of Civil Procedure 12, a party can move to dismiss a pleading for failure to state a claim upon which relief can be granted.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[12] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[13]

At the motion to dismiss stage, the Court must construe the pleading in the light

---

[6] *Id.*
[7] *Id.* at ¶ 22.
[8] *Id.* at ¶ 28-31.
[9] *Id.*
[10] Doc. 5.
[11] Fed. R. Civ. Pro. 12(b)(6).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[13] *Id.* (quoting *Twombly*, 550 U.S. at 556).

Case No. 1:21-cv-01452
GWIN, J.

most favorable to the Plaintiff.[14] The Court is not required, however, to accept the truth of the complaint's legal conclusions.[15]

### III. Discussion

Viewing the facts in the light most favorable to the plaintiff, the complaint states a plausible claim for relief. Plaintiff Kelly sufficiently alleges FLSA jurisdiction.

FLSA applies in two types of employment situations: enterprise coverage and individual coverage.[16] Enterprise coverage applies to an enterprise that: (1) has employees "engaged in commerce or in the production of goods for commerce" or employees "handling, selling, or otherwise working on goods or materials" produced or moved in commerce; and (2) has at least $500,000 in annual gross volume of sales.[17]

Individual coverage applies to any employee "engaged in commerce or in the production of goods for commerce."[18]

Plaintiff sufficiently alleges enterprise coverage. Even though Defendant is a nonprofit, Plaintiff alleges that it operates "retail and recreational establishments which are open to the public."[19] Plaintiff worked at one of these commercial establishments.[20] The retail and recreational establishments plausibly qualify as "ordinary commercial activities."[21] These retail and recreational establishments, like the café where Plaintiff worked, could plausibly be businesses that "serve the general public in competition with ordinary commercial enterprises."[22]

---

[14] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[15] *Twombly*, 550 U.S. at 564.
[16] *Tony and Susan Alamo Found. v. Sec. of Lab.*, 471 U.S. 290, 297 (1985)
[17] 29 U.S.C. § 203(s)(1)(A).
[18] 29 U.S.C. § 206.
[19] Doc. 1 at ¶ 12.
[20] *Id.* at ¶ 14.
[21] 29 C.F.R. § 779.214.
[22] *Alamo*, 471 U.S. at 299.

Case No. 1:21-cv-01452
GWIN, J.

Plaintiff alleges that she worked in "Defendant's Grand Café and Roastery" and that one of her responsibilities was "prepping and cooking food."[23] This is sufficient to allege the first element of enterprise liability. Taking the complaint as true, Defendant had employees handling food and possibly coffee. This qualifies as "handling . . . goods . . . that have been moved in or produced for commerce by any person."[24]

To prevail on her claim, Plaintiff will still need to prove the second element of enterprise coverage: the gross volume of yearly sales exceeded $500,000.[25] Discovery should resolve this question.[26] At this stage, the pleadings are sufficient to allege enterprise liability.[27]

Alternatively, it is possible that Defendant may be able to show individual liability. Even if Defendant does not qualify for FLSA enterprise coverage, FLSA protects Plaintiff if she was "engaged in commerce."[28] This applies to an employee who is "regularly using the instrumentalities of interstate commerce in [her] work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel."[29] At this stage, individual coverage appears less likely than enterprise coverage. Because Plaintiff Kelly sufficiently alleged enterprise liability, however, the Court does not resolve that question now.

Plaintiff sufficiently pled that FLSA applies to her former employer. Discovery will

---

[23] Doc. 1 at ¶¶ 14, 22.
[24] 29 U.S.C. § 203(s)(1)(A).
[25] *Id.*
[26] *See, e.g., Bey v. WalkerHealthCareIT, LLC*, No. 2:16-CV-1167, 2018 WL 2018104, at *4 (S.D. Ohio May 1, 2018) (quoting *Simpson v. Baskin*, No. 3:17-CV-01077, 2018 WL 1070897, at *6 n.6 (M.D. Tenn. Feb. 26, 2018), *report and recommendation adopted*, 2018 WL 1288908 (M.D. Tenn. Mar. 13, 2018)) ("[C]ourts in this circuit have not required plaintiffs to allege [the enterprise coverage] element of a FLSA claim in detail.").
[27] Doc. 1 at ¶ 10; *see Bey*, 2018 WL 2018104, at *4 (holding that "incorporating 29 U.S.C. § 203(s)(1)(A) into a complaint is sufficient to allege the annual gross sales criterion").
[28] 29 U.S.C. § 206.
[29] *Wise v. T-Man*, LLC, 1:14 CV 630, 2016 WL 3544715, at *3 (N.D. Ohio June 29, 2016).

Case No. 1:21-cv-01452
GWIN, J.

provide the information necessary to decide the FLSA coverage issue.[30]

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss the complaint.

IT IS SO ORDERED.

Dated: October 15, 2021                           *s/     James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE

---

[30] *See, e.g. Gulden v. Menages, Inc.*, 3:14-CV-1041, 2014 WL 4232791, at *3 (M.D. Tenn. Aug. 25, 2014) (denying motion to dismiss and explaining that discovery "will flesh out whether the FLSA actually applies"); *see also Williams v. Hooah Sec. Services LLC*, 09-02376-STA-TMP, 2011 WL 5827250, at *8-*10 (W.D. Tenn. Nov. 18, 2011) (deciding that employer is a covered enterprise at the summary judgment stage).

- 5 -