UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| BARBARA KELLY, | : | CASE NO. 1:21-cv-01452 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 18] |
| v. | : | |
| MEDINA CREATIVE HOUSING, | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Barbara Kelly sues her former employer for failing to pay overtime and keep work hours records in violation of the Fair Labor Standards Act.[1] Defendant Medina Creative Housing, a 501(c)(3) non-profit organization, argues that it is not subject to FLSA and that Plaintiff was an exempt employee.[2]

The parties verbally agreed to settle the case during a status conference with the Court on January 25, 2022.[3] Because Plaintiff Kelly brings Fair Labor Standards Act claims, the parties will submit their settlement agreement to the Court for approval.

Now, the parties jointly move to file their settlement agreement under seal. Defendant seeks to maintain confidentiality over the settlement terms because it is a non-profit organization that relies on donor support. Plaintiff seeks confidentiality over her personal finances.[4]

For the reasons that follow, the Court **GRANTS** the joint motion to file the proposed

---

[1] Doc. 1.
[2] Doc. 18 at 1-2.
[3] *Id.* at 2.
[4] Doc. 18 at 2.

Case No. 1:21-cv-01452
GWIN, J.

settlement agreement under seal.

## I. Discussion

"FLSA settlements, which require the district court's approval, are judicial records, and judicial records are ordinarily accessible to the public."[5] Confidentiality provisions are appropriate, however, under certain circumstances.[6] While confidential FLSA settlements are not typical, previous decisions in this district support confidentiality in certain cases.[7]

In this case, filing the proposed agreement under seal is appropriate for two reasons.

First, Defendant is a non-profit organization. At this stage of the litigation, it is not clear whether FLSA applies to the organization. At the motion to dismiss stage, this Court held that Plaintiff sufficiently alleged FLSA jurisdiction.[8] The Court observed, however, that to prevail in establishing FLSA enterprise coverage, Plaintiff would need to prove through discovery that Defendant's yearly sales exceeded $500,000.[9] The Court also observed that individual coverage appeared unlikely for Plaintiff's employment.[10]

Second, the unique circumstances surrounding Plaintiff's employment distinguish her suit from a typical FLSA suit. Plaintiff was initially employed in a marketing and event planning role.[11] At the outset of the COVID-19 pandemic, her role shifted into a café management role.[12] Plaintiff was the only employee whose role underwent that shift, and the underlying circumstances causing the change do not appear likely to recur. The purpose

---

[5] *Pittman v. Matalco (U.S.), Inc.*, No. 4:18CV203, 2018 WL 6567801, at *2 (N.D. Ohio Dec. 13, 2018).
[6] *Id.*
[7] *Id.*; *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *1 (N.D. Ohio Mar. 8, 2010); *Haskett v. Crescent Digital, LLC*, No. 1:19-CV-0370, 2019 WL 3531875, at *2 (N.D. Ohio Aug. 2, 2019); *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-CV-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018); *Hill v. Medicare Transp., Inc.*, No. 5:19CV1582, 2019 WL 5425167, at *2 (N.D. Ohio Oct. 22, 2019).
[8] Doc. 14.
[9] *Id.* at 4.
[10] *Id.*
[11] *Id.* at 1.
[12] *Id.*

Case No. 1:21-cv-01452
GWIN, J.

of a public FLSA settlement is to notify other employees of their rights. In this instance, however, Plaintiff is the only employee who had the marketing/café manager role at Defendant's organization.[13]

The unique circumstances in this case justify sealing the proposed settlement agreement. The pleadings in the case and the fact that the parties settled the claims will remain public.

## II. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to file the proposed settlement agreement under seal.

IT IS SO ORDERED.

Dated: February 7, 2022

*s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[13] *See Hill,* 2019 WL 5425167, at *2 ("Members of the public stand to learn little about the value of this FLSA dispute by viewing the terms of the Settlement.").