UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BARBARA KELLY, | : | CASE NO. 1:21-cv-01452 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 21] |
| v. | : | |
| MEDINA CREATIVE HOUSING, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Barbara Kelly sued her former employer for failing to pay overtime and keep work hours records in violation of the Fair Labor Standards Act (FLSA).[1] The parties reached a settlement. Now, the parties ask the Court to approve their proposed settlement agreement.[2]

For the following reasons, the Court **APPROVES** the settlement agreement.

I. Background

   a. Procedural History

Plaintiff Kelly worked for Defendant Medina Creative Housing from January 2020 to May 2021.[3] Medina Creative Housing is a non-profit organization that also operates "retail and recreational establishments which are open to the public."[4]

Defendant initially hired Plaintiff as a marketing director, then transferred Plaintiff to work at Defendant's Grand Café and Roastery.[5] Plaintiff alleges that she was misclassified

---

[1] Doc. 1.
[2] Doc. 21 (sealed).
[3] Doc. 1 at ¶¶ 13, 25.
[4] *Id.* at ¶ 12.
[5] *Id.* at ¶¶ 13-14.

Case No. 1:21-cv-01452
GWIN, J.

as an independent contractor in the marketing director role and misclassified as an exempt employee in the café role.[6]

After resigning, Plaintiff Kelly sued Defendant Medina Creative Housing under FLSA.[7] She alleged that Defendant did not pay her overtime and failed to keep required records of her work hours.[8]

Defendant moved to dismiss the complaint, arguing that Plaintiff did not sufficiently allege that FLSA applied to Defendant through enterprise coverage or to Plaintiff through individual coverage.[9]

The Court denied Defendant's motion to dismiss, finding that Plaintiff sufficiently alleged FLSA coverage at the pleadings stage.[10]

The parties verbally agreed to settle the case during a January 2022 status conference with the Court.[11]

The Court approved the parties' joint motion to file their motion for settlement approval and proposed settlement agreement under seal.[12]

## II. Legal Standard

In the Sixth Circuit, district courts look to several factors when considering a proposed FLSA settlement.[13]

First, courts consider whether the parties are settling a "bona fide dispute."[14] Parties

---

[6] *Id.*
[7] *Id.* at ¶ 28-31.
[8] *Id.*
[9] Doc. 5.
[10] Doc. 14.
[11] Doc. 20.
[12] *Id.*
[13] *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. Mar. 3, 2021) ("Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements, district courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements.").
[14] *Id.* at 965.

Case No. 1:21-cv-01452
GWIN, J.

have a bona fide dispute where "some issue of the employer's liability is actually and reasonably in dispute."[15]

Second, courts consider whether the proposed settlement is fair and reasonable. Courts may look to factors including "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement."[16]

Where, as here, the parties are settling an individual employee's suit rather than a class action settlement, several factors from the seven-factor test do not apply.

### III. Discussion

#### a. Bona Fide Dispute

The Court finds that the parties have a bona fide dispute. At the motion to dismiss stage, the parties disputed whether FLSA applies to Defendant Medina Creative Housing. The parties also disputed whether Plaintiff was an exempt employee and whether Plaintiff was compensated for her overtime hours.

#### b. Fair and Reasonable Settlement

The Court finds that the parties reached a fair and reasonable settlement. Under the proposed agreement, Plaintiff will recover over 80% of her alleged unpaid overtime wages.[17] The parties completed initial discovery and reviewed Plaintiff's time records. The Court does not find a risk of fraud or collusion with this settlement. Unlike a class action settlement, this agreement will not bind other employees.

---

[15] *Id.* (quotation marks omitted).
[16] *Does 1-2 v. Deja Vu Services, Inc.*, 925 F.3d 886, 894-95 (6th Cir. 2019).
[17] Doc. 21-2 (sealed) at ¶ 23.

Case No. 1:21-cv-01452
GWIN, J.

### c. Attorneys' Fees

The Court also finds that the proposed attorneys' fees are reasonable. The Court reviewed Plaintiff's attorneys' time records for the case and finds them to be reasonable. Plaintiffs' counsel states that counsel reduced their fees by just over 50% in order to resolve the case.[18] The Court finds that the proposed $10,000 fee is within the range of reasonable fees for the 46.5 hours attorneys spent on the case.

### d. Confidentiality Provision

The parties' settlement agreement has a confidentiality provision.

"FLSA settlements, which require the district court's approval, are judicial records, and judicial records are ordinarily accessible to the public."[19] Confidentiality provisions are appropriate, however, under certain circumstances.[20] While confidential FLSA settlements are not typical, previous decisions in this district support confidentiality in certain cases.[21]

For two reasons, the confidentiality provision is appropriate.

First, Defendant is a non-profit organization. At this stage of the litigation, it is not clear whether FLSA applies to the organization. At the motion to dismiss stage, this Court held that Plaintiff sufficiently alleged FLSA jurisdiction.[22]

Second, the unique circumstances surrounding Plaintiff's employment distinguish her suit from a typical FLSA suit. Plaintiff was initially employed in a marketing and event planning role.[23] At the outset of the COVID-19 pandemic, her role shifted into a café

---

[18] Doc. 23.
[19] *Pittman v. Matalco (U.S.), Inc.*, No. 4:18CV203, 2018 WL 6567801, at *2 (N.D. Ohio Dec. 13, 2018).
[20] *Id.*
[21] *Id.*; *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *1 (N.D. Ohio Mar. 8, 2010); *Haskett v. Crescent Digital, LLC*, No. 1:19-CV-0370, 2019 WL 3531875, at *2 (N.D. Ohio Aug. 2, 2019); *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-CV-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018); *Hill v. Medicare Transp., Inc.*, No. 5:19CV1582, 2019 WL 5425167, at *2 (N.D. Ohio Oct. 22, 2019).
[22] Doc. 14.
[23] *Id.* at 1.

- 4 -

Case No. 1:21-cv-01452
GWIN, J.

management role.[24] Plaintiff was the only employee whose role underwent that shift, and the underlying circumstances causing the change do not appear likely to recur. The purpose of a public FLSA settlement is to notify other employees of their rights. In this instance, however, Plaintiff is the only employee who had the marketing/café manager role at Defendant's organization.[25]

The unique circumstances in this case justify approving the confidentiality term in the settlement agreement. The pleadings in the case and the fact that the parties settled the claims will remain public.

IV. Conclusion

For the foregoing reasons, the Court **APPROVES** the proposed settlement agreement.

IT IS SO ORDERED.

Dated: March 29, 2022        *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[24] *Id.*
[25] *See Hill*, 2019 WL 5425167, at *2 ("Members of the public stand to learn little about the value of this FLSA dispute by viewing the terms of the Settlement.").